IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEMARCUS KENARD JOE § | |
| (TDCJ No. 1047716), § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:18-cv-1366-N-BN |
| § | |
| WARDEN KENDALL T. RICHARDSON, § | |
| ET AL., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Demarcus Kenard Joe, a Texas inmate, filed this *pro se* action raising civil rights grounds that duplicate grounds Joe brought in at least one prior action. The current action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. And the undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should dismiss this duplicative action with prejudice as malicious under 28 U.S.C. § 1915A(b)(1).

**Applicable Background, Legal Standards, and Analysis**

Joe is currently incarcerated in the Texas Department of Criminal Justice ("TDCJ"), serving two life sentences for murder and capital murder. *See State v. Joe*, Nos. F01-21548-TW & F01-21550-TW (363rd Dist. Ct., Dallas Cty., Tex. June 22, 2001). The Court previously denied relief under Section 2254 as to these convictions

and sentences because Joe's federal habeas application was time-barred. *See Joe v. Fitzsimmons*, Nos. 3:15-cv-3303-B & 3:15-cv-3379-B, 2015 WL 9906188 (N.D. Tex. Dec. 8, 2015), *rec. accepted*, 2016 WL 279101 (N.D. Tex. Jan. 21, 2016). And Joe has continued to file actions in this Court requesting habeas relief and raising civil rights claims, many of which have been dismissed for failure to prosecute.

In the current complaint, Joe appears to seek – and request the removal of – TDCJ records. *See* Dkt. No. 3 at 4 (referencing "offender records; parole (rehabitation program) records, warden (insure bonds) records; and STG-[security threaten group records documents" (no alteration to original)); *see also id.* (requesting as relief "removal [of] each offender record document"). This claim appears to duplicate the claim regarding records he made in *Joe v. Texas*, No. 3:18-cv-09-G-BH, 2018 WL 1009258 (N.D. Tex. Jan. 22, 2018), *rec. accepted*, 2018 WL 949230 (N.D. Tex. Feb. 16, 2018), an action dismissed with prejudice as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

As that court noted, that dismissal counted "as a 'strike' or 'prior occasion'" under 28 U.S.C. § 1915(g), *id.* at *4 – which provision prevents a prisoner from proceeding *in forma pauperis* ("IFP") if, while incarcerated or detained in any facility, he or she has filed three or more civil actions or appeals in federal court that were dismissed as frivolous, as malicious, or for failure to state a claim.

And Joe accumulated at least one strike prior to that dismissal. *See Joe*, 2015 WL 9906188, at *3-*4 (dismissing Joe's civil rights claims as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)); *see also Hamilton v. Lyons*, 74 F.3d 99, 103

(5th Cir. 1996) ("*Heck* bars this [Section 1983] claim unless Hamilton proves that his convictions or sentences have been reversed, expunged, invalidated, or otherwise called into question. Since Hamilton has not made such a showing, this claim is legally frivolous."); *In re Jones*, 652 F.3d 36, 38 (D.D.C. 2016) (per curiam) ("The circuit courts of appeal to address the question have held that the dismissal of a section 1983 lawsuit for damages based on prematurity under *Heck v. Humphrey* is for failure to state a claim, and constitutes a 'strike' under the [Prison Litigation Reform Act, or the] PLRA, 28 U.S.C. § 1915(g).... We conclude that this result is consistent with *Heck*...." (collecting cases)).

Applicable to the current complaint, where the claim presented in a case is "duplicative of claims already asserted and dismissed in [a] previous case," that claim "must be dismissed as malicious" or, alternatively, because it is "also barred by the doctrine of *res judicata*, ... for failure to state a claim." *Yarborough v. Sheriff, Tarrant Cty., Tex.*, No. 4:11-cv-207-Y, 2011 WL 4736302, at \*1-\*2 (N.D. Tex. Oct. 6, 2011) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("[W]e have dismissed an appeal as frivolous because it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, concluding that repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915[(e)] as malicious." (citations and internal quotation marks omitted)); *Brown v. Thomas*, No. 3:02-cv-673-M, 2002 WL 31757616, at \*3-\*4 (N.D. Tex. Dec. 3, 2002) (dismissing as duplicative even though earlier case was dismissed without reaching its merits); *see also Silva v. Stickney*, No. 3:03-cv-2279-D, 2005 WL 2445433,

at *4 (N.D. Tex. Sept. 30, 2005) ("Courts may appropriately dismiss an *in forma pauperis* action as frivolous, when the action 'seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff.' Such dismissal is predicated on principles of *res judicata*." (quoting *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989); citing *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993))).

"[D]eclaring that a successive *in forma pauperis* suit is 'malicious' ... insures that the plaintiff obtains one bite at the litigation apple – but not more." *Brown v. Tex. Bd. of Nursing*, 554 F. App'x 268, 269 (5th Cir. 2014) (per curiam) (quoting *Pittman*, 980 F.2d at 995; quotation modified).

For these reasons, the Court should dismiss this action with prejudice as malicious under 28 U.S.C. § 1915A(b)(1) and further find that Joe has accumulated his third strike under Section 1915(g).

## Recommendation

The Court should dismiss Plaintiff Demarcus Kenard Joe's duplicative action with prejudice as malicious under 28 U.S.C. § 1915A(b)(1). This dismissal will count as his third "strike" or "prior occasion" under 28 U.S.C. § 1915(g).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 17, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE